It's now good afternoon and we are ready for the ninth case for the day United States against George Van Til, Mr. King. May it please the court, good afternoon. I am here on behalf of Mr. Van Til. We have appealed the aspect of the disposition of his case, his criminal case, insofar as the restitution amount was determined and ordered by the district judge. But I need to start is with the appeal waiver. It will not surprise you. Happy to. I think as I've looked at this, we have a balance by two previous decisions of this court, Behrman and Warden. And as I look at these cases, I believe Behrman is exactly applicable to the facts here, whereas Warden is not. The main distinction with Warden, reading the opinion two or three times in delivering the court's opinion, the authoring judge pointed out the waiver portion of the plea agreement, but the colloquy the district judge engaged in with the defendant at the change of plea hearing. Not once, but repeatedly, did the defendant understand in the context of the waiver that he was waiving his right to challenge the methodology in determining and ordering restitution. But here's the deal. We have said in decisions that restitution is a component of a sentence, and this particular appeal waiver refers to all components of my sentence, and it doesn't, as the Behrman appeal waiver did, restrict that waiver to any sentence within the maximum provided in the statute of conviction. The Mandatory Victim Restitution Act isn't part of the statute of conviction, but it certainly does create a component of the sentence. I'm not going to give this appeal waiver, by the way, an A-plus for reading or for drafting, but it does say all components of my sentence, and I think we would have to take the position, maybe you're inviting us to do that, that restitution is not a component of the sentence in order to relieve your client of the waiver. I don't believe it to be automatically a component of the sentence. In Wharton... Why isn't it a component? But if it's a component of a sentence, period, this is a restitution order made under the Mandatory Restitution to Victims Act. Why doesn't it cover this one? It doesn't. It's not that the restitution process, it's does the waiver cover it. That's what I'm saying. The waiver, I waive my right to appeal or to contest my conviction and all components of my sentence. So the conviction, guilt in a sense, and all components of my sentence. And as the government presents in its response to this appeal, they take taking that sentence. This is in the context of an entire subparagraph devoted to the concept of waiver. This court has, in the criminal court context, in the criminal case context, a waiver has to be knowing, it has to be intelligent, it has to be voluntary. But that's not what your argument really, at least I didn't understand that to be your primary argument. I thought your argument was this is just like Behrman and that this particular language doesn't cover restitution. And we did find some cases where we said the waiver covers guilt innocence and the waiver covers terms of years in prison, but it doesn't cover, maybe it even covered fines, but it didn't cover restitution. But this is not worded the same way as the one in Behrman and I didn't understand you'd be making what you're now saying, which is an argument that I just didn't know what I was waiving. No, no, no. I'm not, what I'm pointing out is how is distinguishing what the government does in its reply brief and how I'm interpreting the court's question, is to take the one sentence out of the context of the overall waiver and which Behrman did not do. Behrman did not. No, Behrman is very different. Behrman is about the meaning of statute of conviction and that was the waiver, the waivers of whatever was in this statute, whatever was in the statute of conviction. Your Honor, in the same sentence as the one that Judge Wood has just mentioned, preceding that, that the court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense, paren s, closed paren, as set forth in this plea agreement. That's all part of the same sentence and this defendant was standing in front of the district judge, having reviewed the agreement, went through it, the judge engaged in a colloquy. Unlike the judge, the district judge and warden, the colloquy regarding an understanding of the scope of the waiver of the appeal was not conducted and I think that's what distinguishes Behrman and Warden. I don't understand. What would you want it to say? How difficult is it for the government? No, you tell me. I will tell the court. What it should say, including restitution. Add two words. In the government's word processing program, when they crank these agreements out, this is boilerplate language in a plea agreement. Add those two words. He had a lawyer, didn't he? Pardon me? He had a lawyer. He had me. Yeah, well didn't you know about Behrman? I knew about Behrman, I knew about Warden. Well, Behrman distinguishes between a statute of conviction and other, you know, forms of punishment that can be imposed outside the statute of conviction, like restitution. And in the plea agreement that was negotiated on behalf of Mr. Van Til, because there was not and there did not occur a meeting of the minds with the government, the question about restitution, the determination of restitution, was specifically in the agreement left to the determination of the district judge and I believe the language even anticipated that it would be in an evidentiary hearing. And that's exactly what happened. But should it also include, including any challenge to conditions of supervised release? I'm sorry, the... Should it include, in your view, should the waiver to be effective include, fully say, including conditions of statutory, conditions of supervisory release? I think in the interest of being completely universal in the sense of waiver that I think the government seeks in negotiating these agreements, it probably should. But in this case... The more you specify, the more you leave out, right? That can occur. I think it could be more broadly based if the seeking of it, if what the government is seeking is to effectively preclude appeal. You think the normal meaning of waiver of appeal is you can't appeal. And if there are exceptions you want, you'd ask your lawyer to say, you know, accept restitution, accept this or accept that, accept conditions of supervised release. And I think those of us practicing at the district level in these matters, of course, look to the guidance by this court and we see Behrman and we see Worden and we see different results in terms of the issues. If you see different results, you ought to be specific, right? I mean, lawyers are always adding things. They're rarely subtracting things. I think that's accurate. So given Behrman, you'd think, you'd always want to specify restitution if you didn't want your waiver to encompass it. And again... Of course, the government might not agree with you, right? That can easily be and frequently happens. Well, we don't want to have a situation in which by concealing from the government the appeal that you intend, the government is left, you know, uncertain how effective the waiver is. And of course, that's not going to help the defendants to have these waivers with holes in them. I come back and it's contained in our short appendix. When you actually read the plea agreement that was negotiated here, when it came to issues of doing guideline calculations, it's very specific, very specific. When it came to the issue of restitution, it was in subparagraph Roman numeral VI, the defendant agrees to pay restitution to Lake County as determined by the court. And again, I think all of this gets read in context, which this court has directed us, in the entirety of the agreement. And in this case, it was anticipated by both parties, we were going to be in front of the district judge, this was a question that was going to be litigated to a greater or lesser extent in front of the district judge. That's exactly what happened. Another issue also developed between the execution and change of plea and the sentencing, that has not been raised in this appeal. We then went and evidence was presented. And in the context of this case, the non-waiver portion of this appeal, after testimony by the case agent, and the balance of every other piece of evidence, the testimony by the case agent was, I cannot give greater or lesser weight to the defense calculation than I can the government calculation. And it was a difference of 100%. Well, do you think that the restitution was a component of his sentence? I do not, under the language that was employed by the U.S. Attorney's Office for the Northern District of Indiana in this plea agreement. I do not. I think you need to wrap up at this point. Thank you. Thank you. Mr. Bella. Thank you. Good afternoon, Your Honors. I'm Daniel Bella, arguing the case on behalf of the government. So I'm a little surprised in this plea agreement that it just says all components of my sentence, given the varying ways in which this has come up in prior cases. You certainly can find cases that say restitution is a component, but you can find other cases that don't seem to include it. Why not be one of those redundant lawyers and say including but not limited to imprisonment, fine, restitution, supervised release, and anything else we can think of? The choice of the language, all components of my sentence, was deliberate, Your Honor. Excuse me, I'm coming off a cold. If you want some water, you should grab it. Yes, thank you. The choice of all components of my sentence was deliberate, Your Honor, and the choice was made to make it clear that we were covering all components of the sentence, no matter what they are, whether it's restitution, condition to supervise release, terms of probation. And the reason we used that language is because if we started naming things, you could name things ad infinitum. But why can't you just say including but not limited to? I mean, there are ways of... Even that's a little redundant, according to some people, but, you know, you could... I think even with that language, Your Honor... ...avoid the negative inference, so to speak. Well, that's where I was headed, Your Honor. Even with that language, I think we risk the defendant arguing that there's a negative inference, that the defendant wants to raise an appeal as to term of probation or condition to supervise release, that, well, the government knows how to name a specific part of the sentence. It said restitution in the appeal waiver. So if it said restitution in the appeal waiver but left out conditions of supervised release or term of probation, then the government must not have intended for a waiver of an appeal from those issues. So once we start listing things, we risk a defendant arguing for that negative inference. Do you really think that the components of somebody's criminal sentence are that open-ended? It seems like what I just listed is probably it, right? There's a conviction. That's taken care of otherwise, even in this thing. Then there's a term of imprisonment. There's a fine. There's restitution. There's supervised release. What else is there? Well, there is their little assessment fee or something. Yeah, the assessment, right, the special assessment. Just naming them right now, it's easy to miss one or two things. What we want to avoid is that eventual appeal that under some statute... I was given a $100 assessment. It should have been $180. What we want to avoid is risking that eventual appeal where there's something we didn't think of, and then the defendant says, well, it makes that negative inference. You'd only make the mistake once, though. But then we would be continually modifying the appeal waiver. Oh, we missed that one. We'll add it to our appeal waiver now. This was a deliberate choice on our part to use all components of my sentence because of having faced this negative inference argument in previous versions of this appeal waiver, which did try to name some specific parts of the sentence. We ran into that problem. Frankly, it was after the Warden case where we thought, okay, we have law on our side that says a broad appeal waiver will be enforced by this court as to restitution. Then let's use that and avoid these sorts of problems in the future. Just name all components of my sentence. And in the plea colloquy here, several times the judge... three times the site in the government's brief, the judge referred to the defendant's obligation to pay restitution. So the defendant knew this was a component of his sentence. Restitution was a component of his sentence. And he knew he's waiving his right to appeal all components of the sentence. And even the Behrman case... in the Behrman case, there wasn't the kind of colloquy that there was in the Warden case. And yet the court in the Behrman case said that this broad appeal waiver, had it been worded a little differently, would have been upheld as to restitution. The court suggested that the appeal waiver in Behrman had referenced a waiver, my right to appeal any sentence within Title 18, the maximum provided by Title 18. The Behrman court would have upheld that as to restitution. So we have decisions in this court saying that broad appeal waivers will be upheld and will be upheld as to issues of restitution. And that's frankly what we relied on when we crafted this language. I think it was actually after the Warden case that we started using the language all components of my sentence. And that's the reason why we did it. Is there anything you want to say on the merits? If for some reason we were not to agree with you on the appeal waiver? Well, this... whenever... in any case where there's an undecided question of law or a close question of law or some recognizable error that occurred in the district court, before the question of enforcement of the appeal waiver comes to this court, it comes to the attention of the highest levels of our office. And that happened in this case. And what we did was looked at the restitution order as a whole and the evidence as a whole and reached a sense that there wasn't a miscarriage of justice in this case. And so we chose to seek to enforce the appeal waiver. There are cases where we have deliberately waived the appeal waiver. We thought it was the right thing to do. And the reason I say that the total restitution order in this case I think was not a miscarriage of justice is that this amount of restitution is an estimate. It was always going to be an estimate. These employees did not, for 5 years, keep track of the hours they worked on political time, the hours they worked on government time. And so it was always going to be an estimate. It was a conservative estimate. There was this chart used to support it. Only 8 employees named in the chart. There were 12 to 15 that engaged in this political work. And the chart only considered 7 months in each of the 2 election years, 08 and 12. It didn't consider the rest of the months in those years or all the months of 07, 10, or 11, or 09. And the total amount of difference in restitution that we're talking about, if we exclude the 3 months for 2012, would have been a little less than $4,800. If we took this one employee's salary and assessed just 5% of his time being spent on political matters for all those months that weren't counted, that would add up to over $9,000. So in looking at the facts of the case and the evidence of the case, we reach the sense that, yes, a mistake was made, but when you look at the total restitution order and all the evidence in the case, we can't say that a miscarriage of justice occurred here. Unless there's any questions, Your Honor? No, apparently not. Thank you. Thank you. Anything further, Mr. Bella? I think you ran out of time, but I'll give you a minute. Oh, sorry. Mr. King is looking at the wrong place in the card. Just on the last point, the numbers were laid out to the district judge. The district judge, again, per the transcript, in a very quick and a very cursory fashion, eliminated and made a finding that, and I appreciate and respect the government going back now and looking and seeing, well, yes, a mistake was made when we included four months of work when the man had resigned his position as part of our calculation. They still ended up with the same amount of money. A defendant is entitled to there being a preponderance of the evidence before money is taken from him in addition to the other consequences of criminal conviction. That didn't happen here. And from our point of view, he unfairly had taken from him, in addition to everything else that happened to him as a consequence of his conviction, more than $13,000 in an unconsidered way that was not based upon a preponderance of the evidence. We think that is an injustice that needs to be remedied. Thank you. Okay, thanks very much. Thanks to both counsel. We'll take the case under advisement.